# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CHARLENE BLALOCK

VERSUS

SHELTER GENERAL INSURANCE
COMPANY AND FRANK M.
FLANAGAN

**DECEMBER 29, 2022**

---

In Re: Shelter General Insurance Company and Frank M. Flanagan, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 696079.

---

BEFORE: WHIPPLE, C.J., McDONALD, McCLENDON, HOLDRIDGE AND PENZATO, JJ.

**WRIT GRANTED.** We grant this writ application and reverse the trial court's August 1, 2022 judgment denying the motion for summary judgment filed by defendants, Shelter General Insurance Company and Frank M. Flanagan. We find that the air purifier cord was an open and obvious condition such that defendant is entitled to summary judgment. Under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard. **Broussard v. State ex rel. Office of State Bldgs.**, 2012-1238 (La. 4/5/13), 113 So.3d 175, 184. Plaintiff Charlene Blalock, who was familiar with the home's layout because she was employed as a housekeeper, testified that she was not watching where she was going, that she did not look down when she tripped, did not look at the area first before she began cleaning, and that nothing obstructed her view at the time of her fall. Defendant, Frank M. Flanagan, testified he did not have any recollection of moving the air purifier or its cord in the time period leading up to this incident. A pedestrian is not required to look for hidden dangers, but is bound to observe his course to see if his pathway is clear. **Millet v. Cormier**, 95-953 (La. App. 3d Cir. 3/27/96), 671 So.2d 1101, 1106, <u>writ denied</u>, 96-1026 (La. 5/31/96), 673 So.2d 1036. We therefore reverse the trial court's August 1, 2022 judgment denying the motion for summary judgment, grant the motion for summary judgment filed by defendants, Shelter General Insurance Company and Frank M. Flanagan, and dismiss all claims of Charlene Blalock against Shelter General Insurance Company and Frank M. Flanagan with prejudice.

VGW
JMM
PMc
AHP

**Holdridge, J.**, dissents and would deny the writ. To determine that a condition is open and obvious presupposes that such condition is defective. <u>See</u> **Broussard v. State ex rel. Off. of State Bldgs.**, 2012-1238 (La. 4/5/13), 113 So.3d 175, 185, 192 ("In order for a defect to be considered open and obvious, the danger created by that defect must be apparent to all comers. . . Thus, while a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing

test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard. In other words, the fact-finder determines whether defendant has breached a duty to keep its property in a reasonably safe condition by failing to discover, obviate, or warn of a defect that presents an unreasonable risk of harm.") I find that genuine issues of fact preclude summary judgment herein, as a reasonable interpretation of the evidence is that the defendant homeowner created the defective condition and failed to warn plaintiff of such condition. Accordingly, I find summary judgment inappropriate.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CHARLENE BLALOCK

VERSUS

SHELTER GENERAL INSURANCE
COMPANY AND FRANK M.
FLANAGAN

NO. 2022 CW 0826

MARCH 13, 2023

In Re:     On motion of Charlene Blalock, for rehearing, 19th
           Judicial District Court, Parish of East Baton Rouge,
           No. 696079.

BEFORE:   McCLENDON, HOLDRIDGE, AND PENZATO, JJ.

**APPLICATION FOR REHEARING GRANTED.** The application for rehearing is granted for the purpose of consideration of the writ by the newly constituted panel following the retirements of Chief Judge Whipple and Judge McDonald.

PMc
GH
AHP

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
    FOR THE COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CHARLENE BLALOCK

VERSUS

SHELTER GENERAL INSURANCE
COMPANY AND FRANK M.
FLANAGAN

---

In Re:    Shelter  General  Insurance  Company  and  Frank  M.
          Flanagan,  applying  for  supervisory  writs,  19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 696079.

---

BEFORE:    McCLENDON, HOLDRIDGE, PENZATO, MILLER, AND GREENE, JJ.

**WRIT DENIED.**

**SMM**

**HG**

**Holdridge, J.,** concurs.  To determine that a condition is open and obvious presupposes that such condition is defective. See **Broussard v. State ex rel. Off. of State Bldgs.**, 2012-1238 (La. 4/5/13), 113 So.3d 175, 185, 192 ("In order for a defect to be considered open and obvious, the danger created by that defect must be apparent to all comers. . . Thus, while a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard. In other words, the fact-finder determines whether defendant has breached a duty to keep its property in a reasonably safe condition by failing to discover, obviate, or warn of a defect that presents an unreasonable risk of harm.") Genuine issues of fact preclude summary judgment herein, as a reasonable interpretation of the evidence is that the defendant homeowner created the defective condition and failed to warn plaintiff of such condition.  Accordingly, summary judgment is inappropriate.

**McClendon and Penzato, JJ.,** dissent and would grant the writ and the motion for summary judgment, dismissing plaintiff's claims.  We find that the air purifier cord was an open and obvious condition such that defendant is entitled to summary judgment.  Under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard. **Broussard v. State ex rel. Office of State Bldgs.**, 2012-1238 (La. 4/5/13), 113 So.3d 175, 184.  Plaintiff Charlene Blalock, who was familiar with the home's layout because she was employed as a housekeeper, testified that she was not watching where she was going, that she did not look down when she tripped, did not look at the area first before she began cleaning, and that nothing obstructed her view at the time of her fall.  Defendant, Frank M. Flanagan, testified he did not have any recollection of moving the air purifier or its cord in the time period leading up to this incident.  A pedestrian is not required to look for hidden dangers, but is bound to observe his course to see if his pathway is clear. **Millet v. Cormier,** 95-953 (La. App. 3d Cir.

3/27/96), 671 So.2d 1101, 1106, <u>writ denied</u>, 96-1026 (La. 5/31/96), 673 So.2d 1036.

COURT OF APPEAL, FIRST CIRCUIT

*a.Sn()*

—————————————————
DEPUTY CLERK OF COURT
FOR THE COURT